ELECTRONICALLY FILED
2014-Feb-06 13:17:59
60CV-14-516
C06D09 : 12 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**SCOTT and KIMBERLY WROTEN, on Behalf of
Themselves and All Others Similarly Situated**                    **PLAINTIFFS**

VS.                    NO. _____

**ARKANSAS BLUE CROSS AND BLUE
SHIELD**                    **DEFENDANT**

**JURY TRIAL DEMANDED**

### CLASS ACTION COMPLAINT

Plaintiffs, Scott and Kimberly Wroten, who bring this class action on behalf of

themselves and all others similarly situated, by and through the undersigned counsel, for

their Complaint against Arkansas Blue Cross and Blue Shield ("Arkansas Blue Cross" or

"Defendant") state and allege:

### I.    INTRODUCTION.

1.    This is a class action whereby Plaintiffs seek for themselves and all other

similarly situated persons covered by an insurance policy issued by Arkansas Blue Cross

in Arkansas, a declaratory judgment that Defendant violated Arkansas law when, as a

common policy and general business practice, it received reimbursement or subrogation

from an insured's or a covered person's settlement with a third-party tortfeasor, prior to

reaching an agreement or receiving a judicial determination that the insured or covered

person was made whole.

2.    Plaintiffs further seek for themselves and all others similarly situated an

Order requiring Defendant to pay monetary restitution, plus pre-judgment and post-

1



judgment interest, of all of the reimbursed or subrogated proceeds of the insured's or

covered person's settlement with a third-party tortfeasor that Defendant illegally took

prior to a judicial determination or agreement with the insured or covered person that

such person had been made whole.

## II.   JURISDICTION AND VENUE.

3.   Plaintiffs and all proposed class members are citizens of the State of

Arkansas.  Defendant is an insurance company authorized to do business in the State of

Arkansas, and, at all relevant times hereto, was engaged in the marketing, sale and

issuance of health insurance policies in the State of Arkansas.

4.   The compensatory damages being sought by Plaintiffs do not exceed

$75,000, and upon information and belief, no individual member of the Class would

possess a compensatory damage claim in excess of $75,000.  Additionally, Plaintiffs

estimate that the aggregate compensatory damages claimed by Plaintiffs and the Class are

below the $5,000,000 federal jurisdictional threshold under the Class Action Fairness Act

("CAFA").

5.   Accordingly, this Court has jurisdiction over the parties and the subject

matter of this action, and venue is proper.

## III.   PARTIES.

6.   Plaintiffs, Scott Wroten and Kimberly Wroten, reside in Pulaski County

and are citizens of the State of Arkansas.  On October 17, 2008, Plaintiffs were involved

in an accident in which neither was at fault.  At the time of the accident, Plaintiffs were

covered under a health insurance policy issued by Arkansas Blue Cross.  As a result of

the accident, Plaintiffs suffered injury, received a settlement or damage award from the

third party tortfeasor's insurer, and in January of 2010 a portion of the recovery was paid to Defendant as subrogation or reimbursement. Plaintiffs were not represented by an attorney in this matter. There was no judicial determination that Plaintiffs were made whole as a result of the payment from the third-party tortfeasor, and there was no agreement between Plaintiffs and Defendant that Plaintiffs were made whole.

7.    Defendant, Arkansas Blue Cross, is an insurance company focusing on health and dental insurance. Arkansas Blue Cross is an independent Licensee of the Blue Cross and Blue Shield Association, with its principal offices located at 601 S. Gaines Street, Little Rock, Arkansas. Arkansas Blue Cross conducts business in Arkansas through insurance agents and other company personnel.

## IV.    COMMON FACTUAL BACKGROUND.

8.    According to its website, Arkansas Blue Cross was founded in 1948 and is the largest health insurer in Arkansas.

9.    Plaintiffs, like all proposed Class members, were covered under a contract of health insurance with Arkansas Blue Cross that provided that Defendant would pay for reasonable medical expenses resulting from injuries sustained by its members in automobile accidents.

10.    Defendant made payments to or on behalf of Plaintiffs, and all proposed Class members, under their health insurance policies after they were injured in an automobile accident which was not their fault. Plaintiffs and all proposed Class members recovered money through settlement or otherwise from a third-party tortfeasor responsible for their injuries. Plaintiffs and all proposed Class members were not represented by counsel in their dealings with the third-party tortfeasor.

3

11.     Throughout the Class Period, Arkansas Blue Cross – directly or through its agent Healthcare Recoveries, Inc. ("HRI") – engaged in a common policy and general business practice of receiving, through the assertion of its subrogation or reimbursement rights, a portion of the Plaintiffs' (and proposed Class members') settlement proceeds from a third-party tortfeasor without first reaching an agreement with the insureds or covered persons or receiving a judicial determination that the insureds or covered persons were made whole.

12.     HRI is a third party administrator retained by Defendant to assist Arkansas Blue Cross in recovering purported subrogation or reimbursement claims. Thus, the actions of HRI were made on behalf of and for the benefit of Arkansas Blue Cross.

13.     Prior to the resolution of the claim between the insureds or covered persons and the third-party tortfeasor, (*i.e., prior to a made whole judicial determination or agreement between the parties)*, the Defendant, through HRI, sought and received subrogation reimbursement.  In order to receive the full benefit of a settlement with a third-party tortfeasor and to avoid paying Defendant the amount of the illegally received subrogation or reimbursement, the insured or covered person is compelled either: (a) to sue the first-party insurance company and endure the cost and delay of litigation, or (b) to pay the amount asserted in subrogation/reimbursement, or a portion thereof, to avoid litigation and delay.  In each instance, Defendant received reimbursement (a) without any agreement between Defendant and the insured or covered person that such person had been made whole, and (b) before a judicial determination that the respective individual was made whole.

4

## V.   COMMON CONTROLLING LAW.

14.   On information and belief, Defendant's internal policies dictate that all Arkansas Blue Cross health plan members be treated consistent with the requirements of the laws and regulations of the appropriate state.  Thus, Arkansas law controls how health plan members who reside in Arkansas must be treated by Defendant.

15.   It is well settled under Arkansas law and recently reaffirmed by the Arkansas Supreme Court in *Riley v. State Farm*, 2011 Ark. 256 (2011), that "[t]he subrogation lien cannot arise, or attach, until the insured has received the settlement proceeds or damage award and until there is a judicial determination that the insured has been made whole." *Id* at *16; *see also Farm Bureau Cas. Ins. Co. v. Tallant*, 362 Ark 17, 207 S.W.3rd 468 (2005); *Ryder v. State Farm Mut. Auto Ins. Co.*, 371 Ark. 508, 268 S.W.2d 298 (2007); *Franklin v. Healthsource of Ark.*, 328 Ark. 163, 942 S.W.2d 837 (1997); *Shelter Mutual Ins. Co. v. Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992).

16.   Further, it is well settled in Arkansas that an insurance company's unilateral determination that an insured or covered person has been made whole will not suffice.  "The consensus in Arkansas case law is that a legal determination, absent an agreement of the parties, of whether the insured has been made whole can occur after a settlement is reached but must occur *before* the insurance company is entitled to recover in subrogation." *Riley* at *12 (emphasis added), *see Tallant* at 24.

17.   In *Franklin* the Arkansas Supreme Court held that an insurance company is not entitled to subrogation unless the insured or covered person has been fully made whole, regardless of whether the insurance contract between the insurer and insured expressly gave the insurer a right of subrogation for benefits paid.  *Id., Ryder* at 514.

"Subrogation is recognized or denied upon equitable principles" and "an insured's right to subrogation takes precedent over that of an insurer, so the insured must be wholly compensated before an insurer's right to subrogation arises; therefore, the insurer's right to subrogation arises only in situations where the recovery by the insured exceeds his or her total amount of damages incurred." *Shelter Mut. Ins. Co. v. Kennedy*, 347 Ark. 184, at 188-189, 60 S.W.3d 458 (2001); *see also General Accident Ins. Co. of America v. Jaynes*, 343 Ark. 143, 152 (2000).

18.   The Arkansas Supreme Court has explained the rationale for this "made whole" doctrine as follows:

> In a typical insurance scenario, the insured pays premiums to the insurer to assume risks.  If the insurer is entitled to reimbursement of the benefits it previously paid to the insured after the insured receives a settlement from a third-party tortfeasor but has still not been made whole, then a windfall is created for the insurer because it is not being forced to assume all of the risks that it has been paid by the insured to assume.

*Ryder v. State Farm Mutual Automobile Insurance Co.*, 371 Ark. 508, 515-16 (2007).

19.   Under this "made whole" doctrine, "the precise measure of reimbursement is the amount by which the sum received by the insured from the [third party], together with the insurance proceeds, exceeds the loss sustained and the expense incurred by the insured in realizing on his claim." *Caldwell v. TACC Corp.*, 423 F.3d 784,790 (8th Cir. 2005).

20.   Whether the insured or covered person is "made whole" requires consideration of information that must be provided by the insured or covered person, as well as potentially other sources, before such determination could be made.  As the Arkansas Supreme Court has explained: "Most always when there is tort recovery the

consideration for payment by the tortfeasor includes loss of wages, loss of earning capacity, pain and suffering, permanent or temporary physical impairment, medical expenses, property damages and intangible losses which are not susceptible to exact measurement." *American Pioneer Life Ins. Co. V. Rogers*, 296 Ark. 254, 259 (1988).

21.     In order to comply with Arkansas law, Defendant was required by law to not receive subrogation or reimbursement until:  1) *after* the Plaintiffs, or other similarly situated individuals, and Defendant had reached an agreement that Plaintiffs, or other similarly situated individuals, have been made whole; or 2) *after* a judicial determination that the Plaintiffs, or other similarly situated individuals, have been made whole.

22.     Complying with Arkansas law does not prevent Defendant (or any Arkansas insurer) from asserting and receiving subrogation or reimbursement.  However, Arkansas law does require the insurer first to reach an agreement with its insured or respective covered persons that such individual has been made whole.  If the parties are not able to agree, Defendant must seek a judicial determination that the insured or covered person has been made whole.

## VI.    CLASS ACTION ALLEGATIONS.

23.     This action is brought by Plaintiffs as a class action, on behalf of themselves and on behalf of all others similarly situated, under the provisions of Rules 23(a) and 23(b)(3), or, alternatively, 23(b)(2), of the Arkansas Rules of Civil Procedure, for declaratory judgment, monetary restitution, plus interests, injunctive relief, costs and attorney's fees.  Plaintiffs seek certification of this action as a class action on behalf of the following class (the "Class"):

> Residents of the State of Arkansas who, during the Class Period of February 6, 2009, through the date of resolution of this action

(a) were covered under a health insurance policy issued by Arkansas Blue Cross, (b) received payment on a medical claim from Defendant under such policy, (c) recovered money through settlement or otherwise from a third-party tortfeasor, without the assistance of counsel, and (d) had a portion of such recovery taken by Defendant as subrogation or reimbursement without a judicial determination or agreement that the insured or covered individual was made whole.

24.     Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the immediate family members of any such person.  Also excluded is any judge who may preside over this cause of action.

25.     The exact number of the Class, as herein identified and described, is not known, but it is estimated to number in the hundreds.  The Class is so numerous that joinder of individual members herein is impracticable.

26.     There are common questions of law and fact in the action that relate to and affect the rights of each member of the Class and the relief sought is common to the entire Class.  In particular, the common questions of fact and law include:

(A)     Whether, throughout the Class Period, as a common policy and general business practice, Defendant, in violation of Arkansas law, received a portion of its health plan members' settlement proceeds from a third-party tortfeasor before first reaching an agreement with such person that they had been made whole; and

(B)     Whether, throughout the Class Period, as a common policy and general business practice, Defendant, in violation of Arkansas law, received a portion of its health plan members' settlement proceeds from a third-party tortfeasor without receiving a judicial determination that such person was made whole.

27.     The claims of the Plaintiffs, who are representative of the Class herein, are typical of the claims of the proposed Class, in that the claims of all members of the proposed Class, including the Plaintiffs, depend on a showing of the acts of Defendant giving rise to the right of Plaintiffs to the relief sought herein. There is no conflict between the individually named Plaintiffs and other members of the proposed Class with respect to this action, or with respect to the claims for relief set forth herein.

28.     The named Plaintiffs are the representative parties for the Class, and are able to, and will fairly and adequately protect the interests of the Class. The attorneys for Plaintiffs and the Class are experienced and capable in complex civil litigation, insurance litigation and class actions.

29.     The class action procedure is superior to all other available methods for the fair and efficient adjudication of this controversy. This action would permit a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by Class members whose claims are too small and complex to individually litigate against a large corporate defendant.

30.     As relief for the alleged violations of Arkansas law, Plaintiffs seek, on behalf of themselves and all Class members:  1) a declaratory judgment determining that Defendant has violated Arkansas law by receiving subrogation or reimbursement from its insureds or covered persons prior to a made-whole judicial determination or agreement; and 2) an order requiring Defendant to pay monetary restitution in the amount of the subrogated or reimbursed funds that Defendant has unjustly taken from the Plaintiffs'

(and proposed Class members') settlement with the third-party tortfeasor prior to a made whole judicial determination or agreement.

31.    Thus, alternatively, certification is appropriate under Rule 23(b)(2) because it is clear that declaratory relief is appropriate respecting the Class as a whole.

## VII.   CAUSE OF ACTION.

### A.    DECLARATORY JUDGMENT.

32.    Plaintiffs hereby repeat and reallege all preceding paragraphs contained herein.

33.    An actual case and controversy within the meaning of the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, *et seq.*, which may be adjudicated by this Court exists between Plaintiffs and proposed Class members, and the Defendant.

34.    Plaintiffs and all members of the proposed Class were covered under a contract of health insurance with Defendant.  Defendant's contract for health insurance provides that its insureds and all covered persons are treated consistent with the requirements of the laws and regulations of the appropriate state.  Thus, for insureds and covered persons who reside in Arkansas, Arkansas law controls.

35.    The health insurance contract issued by Defendant and providing coverage to Plaintiffs and all other similarly situated individuals provided that Defendant would pay for reasonable medical expenses resulting from injuries sustained by covered persons, even if the injury fault lies with another person or party.

36.    Well-settled Arkansas case law limits the Defendant's right to receive subrogation or reimbursement from Plaintiffs and similarly situated individuals until after

Defendant and the covered person have reached an agreement that the individual has been made whole or a judicial determination that the individual has been made whole.

37.     As a common policy and general business practice, Defendant, through its agent HRI, receives subrogation or reimbursement of payments made to or on behalf of covered persons prior to a made-whole judicial determination or made-whole agreement. Accordingly, Defendant has violated, and continues to violate, Arkansas law.

38.     As a result of these violations of Arkansas law, Plaintiffs and the proposed Class members have been injured. Plaintiffs' and proposed Class members' damages include the amount of illegally subrogated or reimbursed funds that Defendant has received from settlements reached with the Plaintiffs and proposed Class members and a third-party tortfeasor. Defendant, through its illegal actions, has kept and continues to keep for itself a portion of the Plaintiffs' and the proposed Class members' settlement proceeds from a third-party tortfeasor. Therefore, restitution, including pre-judgment and post-judgment interest, is appropriate, as well as other legal and equitable relief.

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of all others similarly situated, respectfully request that this Court:

a)      determine that this action may be maintained as a class action under Rule 23 of the Arkansas Rules of Civil Procedure and that Plaintiffs are proper class representatives;

b)      enter a declaratory judgment that Defendant's actions of receiving subrogation or reimbursement from a covered person's recovery from a third-party tortfeasor prior to a made-whole judicial determination or agreement violates Arkansas law;

11

c)   enter an order demanding that Defendant pay monetary restitution,
including pre-judgment and post-judgment interest to the Plaintiffs, and all
proposed Class members, of 100% of the subrogated or reimbursed
proceeds that Defendant has illegally taken from the Class members; and

d)   grant such other legal and equitable relief as the Court may deem
appropriate, including costs and attorney's fees.

## VIII.   JURY DEMAND.

Plaintiffs and the Class members hereby request a trial by jury.

Respectfully submitted,

HANK BATES (ABN 98063)
RANDALL K. PULLIAM (ABN 98015)
TIFFANY WYATT OLDHAM (ABN 2001287)
**CARNEY BATES & PULLIAM, PLLC**
11311 Arcade Drive, Suite 200
Little Rock, AR  72212
Tel:  (501) 312-8500
Fax:  (501) 312-8505

and

Bill Horton (ABN 02200)
**NOLAN, CADDELL & REYNOLDS, P.A.**
P.O. Box 184
Fort Smith, Arkansas 72902
Tel: (479) 464-8269
Fax: (479) 464-8287

BY: _____
HANK BATES (ABN 98063)

*Counsel for Proposed Plaintiff Class*